Public Utilities Commission,
No. 5663.

### NEW IPSWICH ELECTRIC LIGHTING DEPARTMENT

*v.*

### GREENVILLE ELECTRIC LIGHTING CO. *& a.*

Argued September 8, 1967.
Decided November 30, 1967.

*Charles J. Lincoln* ( by brief and orally ), for the plaintiff.

*McLane, Carleton, Graf, Greene & Brown* ( *Mr. John R. Mc-Lane, Jr.* orally ), for the defendant Greenville Electric Lighting Co.

*Upton, Sanders & Upton* ( *Mr. Richard F. Upton* orally ), for the defendant Greenville Real Estate, Inc.

DUNCAN, J. The defendant Greenville Real Estate, Inc. is the owner of two mills, one in Greenville, and the other in New Ipswich. In 1946 its predecessor in title, by vote of the town of New Ipswich became a joint owner with the town and a telephone company of a pole line consisting of 46 poles between the town line and the New Ipswich mill, with the right to install and maintain a two-way electric transmission line on the poles. At that time the two mills connected by the transmission line were capable of generating electricity by water power, and the line permitted transmission of excess power in either direction.

The mills are presently leased by Greenville Real Estate, Inc. to different tenants, and the lease of the New Ipswich mill obligates the owner to furnish electric power to its tenant without charge separate from the rental provided by the lease.

Greenville Electric Lighting Company furnishes electricity to the mill in Greenville, which in part is transmitted over the line owned by Greenville Real Estate, Inc., to its mill in New Ipswich.

The Commission found the Greenville Electric Lighting Company tariff to be controlling, and dismissed the complaint. The tariff provides for separate metering of each "unit of space" unless the customer "furnishes, owns and maintains the necessary distribution circuits . . . to permit delivery and metering at one location of all the energy used."

As a public utility ( RSA 362:2 ), the Greenville Electric Lighting Company is subject to the jurisdiction of the Commission,

and may not extend its lines beyond its franchised territory without Commission approval. RSA 374:22. The lighting department of the town of New Ipswich on the contrary, is not a public utility ( RSA 362:2, *supra* ) and not subject to the jurisdiction of the Commission as to operations within the corporate limits of the town. RSA 362:2; RSA 38:12. See *Blair* v. *Manchester Water Works,* 103 N. H. 505. Since it is not a utility it enjoys none of the protection afforded to utilities under RSA 374:23, prohibiting one public utility from furnishing service within a specified distance from the facilities of another, without the approval of the Commission. Nor does the town have an exclusive franchise within its corporate limits. See *Public Service Co.* v. *P. U.C.,* 142 Colo. 135, 145. In essence, the plaintiff complains of a violation of RSA 374:22, *supra,* contending that the existing practice is in effect an extension of the defendant utility's service into another town, without Commission approval.

The decision and order of the Commission dismissing the complaint implies a finding that the defendants were not in violation of the law.. See RSA 365:1. The decision may be set aside only if· "clearly unreasonable or unlawful" and the Commission's findings are to be deemed prima facie "lawful and reasonable." RSA 541:13.

On the record before us, the mill owner could not be found to be a public utility, because it was not engaged in selling electricity to the public. RSA 362:2, *supra.* See also, RSA 362:5. It rented to its tenant space which was electrically serviced by means of power purchased in Greenville by the landlord. See *Sixty-seven S. Munn.* v. *Bd. Pub. Utility Commrs,* 106 N. J. L. 45, 47. The Greenville Electric Lighting Company was engaged in selling electricity within its franchised territory of Greenville only, and in accordance with its published tariff. "On the basis of the evidence before us we cannot say that the order of the Commission was 'unjust or unreasonable.' " *Public Service Co.* v. *State,* 102 N. H. 66, 70. The record does not compel a finding that the Greenville utility was in violation of the law, and the plaintiff has shown no invasion of its rights by the conduct of either defendant.

*Appeal dismissed.*

GRIFFITH, J., did not sit; the others concurred.