State Personnel Commission
No. 6415

KENNETH B. HUTTON

v.

STATE PERSONNEL COMMISSION

January 31, 1973

*Cleveland, Waters & Bass* and *Dom S. D'Ambruoso* and *Robert Clark (Mr. Clark* orally) for the plaintiff Hutton and the State Employees' Association.

*Warren B. Rudman,* attorney general, and *Charles G. Cleaveland,* attorney *(Mr. Cleaveland* orally), for the defendant.

GRIMES, J.   Appeal under RSA ch. 541, as authorized under RSA 98:15, by a classified State employee from a denial of his appeal by the State personnel commission concerning his discharge by the department of public works and highways under department of personnel rules for "attempting to injure others".

Kenneth B. Hutton worked on a State survey crew as a classified State employee. While on the job, he threw an axe twenty feet up a bank and struck a fellow employee on the back of the head. Eight days later Hutton threw an eleven-pound, sixteen-foot long stadia rod about twenty-five feet and struck another fellow employee a glancing blow on the head. Neither employee was seriously injured. Three days after the second incident, both episodes were reported to the commissioner of the department of public works and

highways who summarily dismissed Hutton by letter the next day, under the mandatory provision of rule VIII, section 3, paragraph A, item 4, of the rules of the department of personnel. This provision requires discharge without warning if it is clearly established that the employee was "fighting or attempting to injure others (aggressor only)".

Hutton appealed this discharge to the personnel commission and, after a hearing, the commission denied his appeal and denied Hutton's subsequent motion for rehearing.

The meaning of "attempt" in civil cases has been said to include "an endeavor to do an act carried beyond mere preparation, but falling short of execution". *Follett v. Standard Fire Insurance Co.,* 77 N.H. 457, 458, 92 A. 956, 957 (1915). In this case the term "attempt" also implicitly includes an intention on the part of the employee to do the alleged acts. The common usage of the term and its use within the context of the mandatory discharge regulation support this view.

When the department fired Hutton for attempting to injure, it thereby implicitly found his actions to have been perpetrated with intent to injure. The commission in denying Hutton's appeal upheld as lawful this action of the department. *Cf. New Ipswich Electric Dept. v. Greenville Electric Co.,* 108 N.H. 338, 235 A.2d 833 (1967). Hutton raises on this appeal the issue of whether the evidence supports the view that he intentionally threw the equipment as implicitly found by the department when it discharged him for "attempting to injure".

As the fact-finding body, the personnel commission resolves any conflict in the evidence and its findings and conclusions are given great weight by this court. *Peabody v. State Personnel Commission,* 109 N.H. 152, 245 A.2d 77 (1968). The statutory scheme mandates that on appeal to this court the burden rests with Hutton to show that the personnel commission's decision is "clearly unreasonable or unlawful". RSA 541:13.

In the criminal law, intent "may be inferred from conduct where it is plainly indicated as a matter of logical probability". *State v. Davis,* 108 N.H. 158, 160, 229 A.2d 842, 844 (1967). With the higher degree of protection given the accused in criminal matters, we see no reason why such inferences cannot

be applied in this accusatory civil case dealing with intent.

The evidence presented at the personnel commission hearing included evidence of Hutton's grudge against one of the employees he struck. The commission was not compelled to accept Hutton's explanation of his hurling two heavy objects over a long distance to strike two fellow employees. This evidence provides a reasonable basis to infer intent to injure from Hutton's conduct. Given this record, we hold the personnel commission's denial of Hutton's appeal not to be "unjust or unreasonable". RSA 541:13; *Peabody v. State Personnel Commission supra.*

*Appeal dismissed.*

All concurred.