Department of Employment Security
No. 82-086

APPEAL OF BRYON MILLER
(New Hampshire Department of Employment Security)

December 8, 1982

*Brown & Nixon P.A.*, of Manchester (*Michael P. Hall* and *Leslie C. Nixon* on the brief, and *Ms. Nixon* orally), for Bryon Miller.

*Gregory H. Smith*, attorney general (*Daniel J. Mullen*, attorney, on the brief and orally), for the State.

## Memorandum Opinion

Bryon Miller seeks reversal of a denial of unemployment compensation benefits by the department of employment security's appellate division because of work-connected misconduct within the meaning of RSA 282-A:32, I(b) (Supp. 1981) (formerly RSA 282:4 A(2)). Miller began working for Prevue Products in 1979 and on at least three occasions received reprimands and suspensions for various reasons relating to safety-procedure infractions. The fourth incident leading to his discharge occurred when he allegedly jumped off a loading dock despite orders not to do so.

An unemployment compensation system is predicated upon benefits being paid to those who become unemployed through no fault of their own. No compensation is to be paid to one who is terminated because of "misconduct connected with his work." RSA 282-A:32, I(b) (Supp. 1981). Isolated or inadvertent instances of unsatisfactory conduct are not sufficient for a finding of "misconduct," but recurring careless or negligent acts are enough to constitute "misconduct." *See Boynton Cab Co. v. Neubeck,* 237 Wis. 249, 259–60, 296 N.W. 636, 640 (1941). Safety in the workplace is not only a legal requirement but a sound social policy for employer and employee alike. *See Cloutier v. A. & P. Tea Co., Inc.,* 121 N.H. 915, 923, 436 A.2d 1140, 1144–45 (1981).

Review of the evidence does not reveal that the appellate division's conclusion was "clearly erroneous," and therefore we uphold its decision. RSA 282-A:67, IV(d) (Supp. 1981). *But see Smith v. Adams,* 118 N.H. 48, 51, 382 A.2d 362, 365 (1978).

*Affirmed.*

KING, C.J., did not sit.