Department of Employment Security
No. 82-228

APPEAL OF STURM, RUGER & COMPANY, INC.
(New Hampshire Department of Employment Security)

February 23, 1984

*Feeney & Kraeger*, of Newport, and *Snyder, Tepper & Comen*, of Boston, Massachusetts (*Thomas G. Kraeger* and *Allan A. Tepper* on the brief, and *Mr. Tepper* orally), for Sturm, Ruger & Company, Inc.

*Gregory H. Smith*, attorney general (*Daniel J. Mullen*, attorney, on the brief and orally), for the State.

*Nadeau Professional Offices*, of Rye (*J. P. Nadeau* on the brief and orally), for the claimant, Yolanda MacKay.

BROCK, J. This is an appeal pursuant to RSA 282-A:67, I (Supp. 1983), taken by Sturm, Ruger & Company, Inc. (the company) from an adverse decision by the Appellate Division of the New Hampshire Department of Employment Security, which affirmed an earlier decision of an appeal tribunal. The sole issue is whether the depart-

ment committed an error of statutory interpretation in awarding unemployment benefits to the claimant, Yolanda MacKay, after the company had discharged her. We find no error and affirm.

The claimant was discharged on October 8, 1981, allegedly for disruptive conduct. She applied for unemployment compensation, but her claim was denied on the ground that she had been "discharged for misconduct connected with [her] work." RSA 282-A:32, I(b) (Supp. 1983). At her request, that decision was referred to an appeal tribunal, in accordance with RSA 282-A:47 (Supp. 1983).

The appeal tribunal ruled that the claimant was entitled to benefit payments. Its findings are reprinted here in full:

> "The claimant was employed as an assembler. She worked on a production line with many people working near her. For some time discussions had occurred between the claimant and other employees which the employer felt was disruptive and because of this the claimant and one other lady were suspended for three days. The claimant at a later date was discharged for the same reason. The other employees were not. The claimant had worked for the employer for five years and her work was very satisfactory. She was not discharged for poor work, but because of her conduct which the employer felt was disruptive.
>
> The Appeal Tribunal, after considering all of the records and testimony, finds that although the employer may have been justified in discharging the claimant, there was no misconduct connected with his [sic] work within the meaning of the statute, which caused her discharge."

The company appealed this decision to the appellate division, RSA 282-A:64 (Supp. 1983), which sustained the appeal tribunal's ruling. The appellate division stated that, in reaching its decision, it relied upon the widely accepted definition of "misconduct" found in *Boynton Cab. Co. v. Neubeck*, 237 Wisc. 249, 260, 296 N.W. 636, 640 (1941).

 We are not prepared to adopt the *Boynton Cab* definition as controlling in this State, nor is it necessary that we do so. In *Appeal of Miller*, 122 N.H. 993, 453 A.2d 1269 (1982), we held that "[i]solated or inadvertent instances of unsatisfactory conduct are not sufficient for a finding of 'misconduct,' but recurring careless or negligent acts are enough to constitute 'misconduct.'" *Id.* at 994, 453 A.2d at 1270. The department's use of a different standard is not

ground for reversal if it would have reached the same result using the correct standard. *Lemay v. Rouse*, 122 N.H. 349, 352, 444 A.2d 553, 555 (1982).

■■ We will uphold the decision of the appeal tribunal unless its findings, inferences, or conclusions are "[c]learly erroneous." RSA 282-A:67, IV(d) (Supp. 1983). The evidence before the appeal tribunal, as the appellate division pointed out, provided ample support for a finding that the claimant's "disruptive" behavior was primarily a response to "repeated ethnic slurs, attacks upon her integrity, and other verbal abuse by her co-worker." Behavior of this type is not the kind of conduct that we referred to in *Appeal of Miller supra* as being within the misconduct rule. Accordingly, we rule that the decision of the appeal tribunal was not clearly erroneous.

*Affirmed.*

All concurred.