Department of Employment Security
No. 83-046

## APPEAL OF BEEBE RUBBER COMPANY
### (New Hampshire Department of Employment Security)

February 23, 1984

534

*Beebe Rubber Company*, by brief, pro se.

*Gregory H. Smith*, attorney general (*James F. Cahill, III*, attorney, on the brief), by brief for the State.

BROCK, J.   This is an appeal pursuant to RSA 282-A:67, I (Supp. 1983) taken by Beebe Rubber Company (the company) from an adverse decision by the Appellate Division of the New Hampshire Department of Employment Security, which reversed an earlier decision of an appeal tribunal. The tribunal had denied unemployment benefits to the claimant, Charles E. Smith, on the ground that the company had discharged him for "misconduct connected with his work." RSA 282-A:32, I(b) (Supp. 1983). The appellate division reversed, holding that the claimant's actions did not amount to misconduct under the statute. Because the appellate division (1) improperly ignored the appeal tribunal's findings of fact, and (2) relied in part on inapplicable law, we reverse its decision and affirm the decision of the appeal tribunal, with one modification.

The claimant worked for the company for about one year, on the 3 P.M. to 11 P.M. shift. On January 7, 1982, he was temporarily laid off, subject to recall, due to the unavailability of work. Further facts found by the appeal tribunal are reprinted here *verbatim*:

> "The employer's regular pay day is Thursday and payroll bank deposits are made accordingly. Employees working on the second shift from 3:00 PM to 11:00 PM are given their pay checks shortly before the end of the shift on Wednesday so that they can cash them during the business day on Thursday. On Wednesday, January 13, 1982, the claimant reported to the employer's plant at about 3:15 PM and demanded his pay check. The claimant was told by his supervisor that he could not have the pay check early. The claimant proceeded to the personnel office and took the pay check from a desk. He was then discharged for insubordination and unauthorized taking of the check in violation of the employer's policy. Testimony was sub-

mitted that the claimant was aware of the employer's policy."

There was conflicting testimony concerning the duration of, and the reasons for, the company policy of paying workers *late* in the second shift on Wednesday, but there was ample evidence from which the tribunal could have reached its conclusions that the policy was well established, and that it was designed to coordinate with the employer's payroll bank deposits. It was therefore improper for the appellate division to conclude, as it did, that the policy was implemented to prevent employees from cashing their checks during their lunch break and buying beer. "The appellate division shall not substitute its judgment for that of . . . the appeal tribunal as to the weight of the evidence on questions of fact. . . ." RSA 282-A:65 (Supp. 1983).

Consequently, it was also improper for the appellate division to rule that, because the reason for the company policy did not apply to laid-off workers, the claimant should have been given his pay check when he requested it. The company's legitimate desire to prevent paychecks from being cashed until Thursday applied equally to active and to laid-off employees.

In construing RSA 282-A:32, I(b) (Supp. 1983), we have emphasized that our system of unemployment compensation "is predicated upon benefits being paid to those who become unemployed through no fault of their own." *Appeal of Miller*, 122 N.H. 993, 994, 453 A.2d 1269, 1270 (1982). The claimant's unauthorized taking of a paycheck from the company's premises, in deliberate disregard of the company's reasonable policy, was not the sort of conduct we held to be outside the statute in *Appeal of Sturm, Ruger & Co., Inc.*, 124 N.H. 506, 474 A.2d 983 (1984).

Nor does his "laid-off" status preclude a finding that his action constituted "misconduct connected with his work." While the claimant's layoff may have constituted "unemployment" for some purposes, *see* RSA 282-A:14, I (Supp. 1983), his status was clearly different from that of a "discharged" employee (see the discussion below of RSA 275:44). He was not in fact discharged until after, and as a direct result of, his deliberate violation of "a company rule reasonably designed to protect the legitimate business interests of his employer." *Branch v. Employment Comm.*, 219 Va. 609, 611, 249 S.E.2d 180, 182 (1978). Such an action is a form of misconduct under RSA 282-A:32, I(b) (Supp. 1983). *See Appeal of Miller supra; Branch v. Employment Comm. supra.*

■ It is clear, however, that on January 13, 1982, the claimant was already "unemployed through no fault of [his] own" by virtue of his layoff the week before. The disqualification contemplated by RSA 282-A:32, I(b) (Supp. 1983) can logically apply only to unemployment which results directly from the employee's misconduct, and cannot be used to deny benefits that would have been paid even if no misconduct, and no resulting discharge, had occurred.

In this case, those benefits began when the claimant was laid off and would have ceased when he was recalled by the company to active employment. It is undisputed that this would have happened on January 18, 1982, when a position opened for which the claimant was the most senior laid-off employee eligible. At the hearing before the department, the company argued that the claimant's benefits should terminate no later than January 18, 1982. We agree that he was clearly ineligible for benefits thereafter.

■ In reaching its decision to the contrary, the appellate division relied in part on an inapplicable section of RSA 275:44. It was uncontradicted that the claimant was "laid off" on January 7, 1982, and was not "discharged" until after January 13, 1982. Accordingly, the company's obligation on January 7 was to pay the claimant any wages earned at the time of layoff "not later than the next regular payday," RSA 275:44, III, rather than "within 72 hours," RSA 275:44, I. Since the claimant normally would have been paid late in the evening on January 13, the company had not acquired any duty under the statute when the conduct complained of here took place.

*Reversed; decision of the appeal*
*tribunal affirmed as modified.*

All concurred.