Department of Employment Security
No. 86-283

APPEAL OF RICK P. KELLY
(New Hampshire Department of Employment Security)

July 10, 1987

*New Hampshire Legal Assistance*, of Manchester (*Ronald B. Eskin* on the brief and orally), for the claimant.

*Fordham & Starrett*, of Boston, Massachusetts, and *Orr and Reno P.A.*, of Concord (*Barry A. Guryan, Thomas A. Mullen* and *James P. Bassett* on the brief, and *Mr. Mullen* orally), for the employer, General Electric Company.

THAYER, J.   The issue in this case is whether the appeal tribunal of the New Hampshire Department of Employment Security properly reversed the certifying officer's determination that the claimant was discharged from his employment by General Electric Company (the employer) due to misconduct connected with his work. For the reasons that follow, we hold that the appeal tribunal misstated the burden of proof, and remand for a determination of the reason for the claimant's discharge based on the proper standard of proof.

The claimant, Rick P. Kelly, filed for unemployment compensation benefits on November 19, 1985. The certifying officer denied the claimant benefits on the ground that he had been terminated for acts of misconduct, pursuant to RSA 282-A:32, I(b) (Supp. 1986), specifically claimant's: (1) willful insubordination in failing to punch his time card when ordered to do so by his superior; (2) mischarging his employer by failing to punch his time card; and (3) mischarging his employer's client by fraudulently completing his voucher.

The claimant appealed the decision of the certifying officer to an appeal tribunal pursuant to RSA 282-A:48 (Supp. 1986). The appeal tribunal heard conflicting testimony regarding alleged acts of misconduct connected with the claimant's work. After considering all of the records and testimony presented, the appeal tribunal reversed the certifying officer's finding of misconduct, and stated in its findings that:

> "On November 8, 1985, the claimant was discharged for insubordination for failure to punch in his time card and for mischarging total work hours on a labor voucher. All three incidents were alleged by the employer to have

occurred on the same shift. Company policy allows for discharge for falsification of time/work records.

The Employee Relations Specialist testifying at the Tribunal hearing contends the claimant refused on two occasions when told by his supervisor to punch in on his time card, that he never did punch in at all, and that he charged seven hours work on a labor voucher when he was present at work only five and one-half hours. The claimant admits to coming in one and one-half hours late and to working only five and one-half hours on November 4, 1985, but he contends he never refused his supervisor's instructions to punch in, that he did punch in using a time card, and that he did fill out a voucher—but not one indicating seven hours work on the day in question.

At the Appeal Tribunal hearing the employer presented a time card for the pay period ending Friday, November 8, 1985 with the claimant's name and badge number on it but without indications of being punched by the time clock. The employer also presented the daily labor voucher in the claimant's name which he alleged the claimant signed and filled out for a total of seven hours. For his part, the claimant produced a personal work diary he has kept over a period of years. On the dates for November 4, 1985 the claimant had written on the bottom that he had worked only five and one-half hours that day. The Appeal Tribunal, after considering all of the records and testimony, does not find there is sufficient, competent and *incontrovertible evidence* that the claimant was insubordinate, that he did not punch in when he should have, and that he overcharged time worked on a labor voucher. The Appeal Tribunal finds that the claimant was not discharged for misconduct connected with his work (RSA 282-A:32, I(b)). The Appeal Tribunal finds that the claimant did not file timely claims for the weeks ending November 16, 1985 and November 23, 1985 (RSA 282-A:43 and EMP 503.01 and 503.04)."

(Emphasis added.)

The employer appealed to the appellate division, which reversed the appeal tribunal's determination of no misconduct. The appellate division stated that:

"The scope of review in this case is very narrow. We will not substitute our judgement for that of the Appeal Tribunal. The Tribunal found there was not 'sufficient, competent and incontrovertible evidence that the claimant was insubordinate, that he did not punch in when he should have, and that he overcharged time worked on a labor voucher.' We do not know if this reflects the standard of proof actually used by the Appeal Tribunal as argued by the [employer] or whether this is merely a misstatement. Our review, however is limited to determining whether a reasonable [person] could have reached the same decision on the basis of the evidence before the Tribunal. *Humiston v. Bushnell*, 118 N.H. 759, 761, 394 A.2d 844, 845 (1978). . . . [W]e are not persuaded that a reasonable [person] by a *preponderance of the evidence* could have reached the same conclusion as did the Appeal Tribunal. We feel rather that as a matter of law this evidence establishes that the claimant was dismissed for misconduct connected with his work."

(Emphasis added.)

The claimant appeals to this court and asks us to review and uphold the appeal tribunal's decision, which was in his favor. He contends that the appellate division should not have reversed, pursuant to RSA 282-A:65, III (Supp. 1986), the appeal tribunal's finding of no misconduct because the appeal tribunal had not committed a reversible error of law. Furthermore, he argues that by reversing the finding of the appeal tribunal, the appellate division was "substitut[ing] its judgment for that of the . . . appeal tribunal" in violation of RSA 282-A:65 (Supp. 1986). The claimant also asserts that the findings of the appeal tribunal were not "[c]learly erroneous in view of the substantial evidence on the whole record," RSA 282-A:67, IV(d) (Supp. 1986), and therefore that this court should not reverse the appeal tribunal's finding of no misconduct.

The employer argues that the appellate division properly reversed the appeal tribunal's determination of no misconduct, since the appeal tribunal committed a reversible error of law in requiring proof of the claimant's misconduct by "incontrovertible evidence," rather than by a preponderance of the evidence. Further, the employer contends that the appellate division properly reassessed the facts in light of the correct evidentiary standard, the preponderance of the evidence, and determined as a matter of law that the evidence did not support the findings of the appeal

tribunal. In the alternative, the employer asserts that this court should reverse the appeal tribunal's decision as "clearly erroneous" pursuant to RSA 282-A:67, IV(d) (Supp. 1986).

RSA 282-A:65, III (Supp. 1986) empowers the appellate division to reverse the decision of an appeal tribunal if the appellant has been prejudiced because the decision was "affected by reversible error of law." The statute cautions, however, that the appellate division should refrain from substituting its judgment for that of the appeal tribunal as to the weight of the evidence on a question of fact or the desirability of the appeal tribunal's determination. RSA 282-A:65 (Supp. 1986).

Similarly, RSA 282-A:67, IV(e) (Supp. 1986) empowers this court to review findings or conclusions of the appeal tribunal when they are "[a]ffected by [an] error of law," as is alleged in this case. See Appeal of Sturm, Ruger & Co., 124 N.H. 506, 509, 474 A.2d 983, 984 (1984). This court does not, however, have the statutory authority to review the rulings or conclusions of the appellate division as such. The findings and conclusions of the appellate division, stated herein, are significant only insofar as they set forth and clarify the issues on appeal and the relative positions of the parties thereto.

█ In the case at bar, the appellate division was correct when it identified an error of law committed by the appeal tribunal which was sufficiently prejudicial to the employer to merit reversal. The appeal tribunal incorrectly articulated the burden of proof in requiring proof by "incontrovertible" evidence, in addition to evidence that is "sufficient" in quantity and "competent" in nature. Although New Hampshire law does not specify the proper burden of proof to be employed in this instance, it provides no basis for an "incontrovertible" evidence standard; the plain meaning of incontrovertible is "not open to question: indisputable, certain." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1145 (Unabridged 1961). Such a high burden of proof is not even required in first degree murder cases, the proof therein being "beyond a reasonable doubt." State v. Nelson, 103 N.H. 478, 486, 175 A.2d 814, 822 (1961), cert. denied, 369 U.S. 879 (1962).

█ The majority of jurisdictions addressing the burden of proof issue have adopted the preponderance of competent evidence rule used in civil actions. See 81 C.J.S. Social Security and Public Welfare § 278(a) (1977); see, e.g., Bernstein v. Real Estate Comm., 221 Md. 221, 232, 156 A.2d 657, 663 (1959) (degree of proof to establish a case is the same in an administrative as in a civil

judicial proceeding, that being a preponderance of the evidence), *appeal dismissed,* 363 U.S. 419, *reh'g denied,* 364 U.S. 855 (1960). We hold that the preponderance of the evidence standard is the correct standard to be employed by the appeal tribunal in determining whether a party has presented sufficient evidence to prove its case.

 In its order, the appeal tribunal presented, as findings, a summary of the parties' contrary assertions of facts. It did not make specific findings of fact, but rather, stated the positions of the parties and concluded that the evidence had not established, by incontrovertible evidence, that the claimant was insubordinate or that he overcharged work on a labor voucher. Therefore, we remand to the appeal tribunal for a factual determination of the basis for the claimant's discharge in light of the preponderance of the evidence standard. Neither this court nor the appellate division may substitute its judgment for that of the appeal tribunal as to the weight of the evidence on questions of fact. RSA 282-A:65 (Supp. 1986); RSA 282-A:67, IV (Supp. 1986).

*Reversed and remanded.*

All concurred.