Department of Employment Security
No. 87-048

## APPEAL OF NEW HAMPSHIRE SWEEPSTAKES COMMISSION
## (New Hampshire Department of Employment Security)

July 25, 1988

660

*Sheehan, Phinney, Bass & Green P.A.*, of Manchester (*John A. Rachel* on the brief and orally), for the claimant, Mary E. Crowley.

*Stephen E. Merrill*, attorney general (*Larry M. Smukler*, senior assistant attorney general, and *David S. Peck*, assistant attorney general, on the brief, and *Mr. Peck* orally), for the New Hampshire Sweepstakes Commission.

THAYER, J. The New Hampshire Sweepstakes Commission, pursuant to RSA 282-A:67, appeals a ruling by the Appellate Division of the New Hampshire Department of Employment Security (division) reversing an appeal tribunal's denial of unemployment benefits to Mary E. Crowley under RSA 282-A:32. We affirm the decision of the appeal tribunal for the reasons stated below.

The claimant, Mary E. Crowley, was employed by the New Hampshire Sweepstakes Commission as a bingo inspector, with law enforcement responsibilities, for approximately four years. On November 12, 1985, she was discharged for willful insubordination for failure to follow a written office procedure issued in April 1985.

On April 18, 1985, the Sweepstakes Commission's executive director issued an inter-office memo which stated:

> "It was recently brought to my attention that there were some copies of bingo and lucky seven files and information being kept outside of the Sweepstakes office. Effective the date of this memo, it will become a Sweepstakes policy that no copies will be allowed to leave the premises unless they are approved by myself and all copies that now exist outside this commission be brought back to the premises."

Crowley received the memorandum and returned a majority of her files to the office. However, three handwritten documents were not returned until six months later. Because of her failure to return these three documents, her employment was terminated. She appealed to the State Personnel Appeals Board (board), formerly

the Personnel Commission, which found that she had been properly dismissed. The finding was affirmed by order of this court; *see Petition of Mary E. Crowley*, No. 86-277 (October 1, 1987).

She applied for unemployment benefits and was denied. After the claimant was denied unemployment benefits she appealed to an appeal tribunal (tribunal). The tribunal, after a full evidentiary hearing including conflicting testimony, also denied the claimant unemployment benefits, on the ground that the employee was discharged for "misconduct connected with [her] work" pursuant to RSA 282-A:32, I(b). In particular, the tribunal found the employee's contention that she had forgotten about the three documents not "reasonably believable" and that she "knew, or should have known, that she was obliged to turn in all records when directed to do so by the Director." The tribunal further found that the "claimant, by knowingly keeping [the] records at home . . . showed a willful disregard of the employer's best interests." No other instances of misconduct were found by the tribunal, although it noted that the claimant had previously challenged the director's authority.

The claimant then appealed to the appellate division, which reversed the appeal tribunal's decision. The division, in reviewing the tribunal's decision, stated that it would "not substitute [its] judgment for that of the Appeals Tribunal on questions of fact which are supported by evidence . . . [but would] weigh the facts against the appropriate standard for determining when a termination is for misconduct."

The appellate division found the standard to be that stated in *Appeal of Miller*, 122 N.H. 993, 994, 453 A.2d 1269, 1270 (1982), in which the court stated that "[i]solated or inadvertent instances of unsatisfactory conduct are not sufficient for a finding of misconduct." Finding no other instances of misconduct in the record, the appellate division went on to the second prong of what they determined to be the standard: that an employee can be terminated for a single breach of an employer's reasonable business policy, when the breach is deliberate. The division then determined that Crowley's retention of the documents was not "in deliberate defiance of her employer's instructions." It further noted that "her employer suffered [no] harm as a result of [her] delay in returning the documents," nor had she inappropriately used the documents in question.

The sole and dispositive issue before us is whether the appeal tribunal's decision to deny unemployment benefits to the claimant was lawful.

In appealing to this court, the Sweepstakes Commission asks us to overturn the division's decision to award unemployment benefits to the claimant on the grounds that: (1) the division improperly reversed the appeal tribunal, pursuant to RSA 282-A:65, because that statute prohibits the division from substituting its judgment for that of the tribunal on questions of fact; and (2) the division applied the incorrect legal standard in interpreting disqualification under RSA 282-A:32, I(b).

Conversely, the claimant argues that the division properly reversed the appeal tribunal because the tribunal applied an erroneous legal standard to the facts at hand. *See* RSA 282-A:65, III.

In response to Crowley's claim, the Sweepstakes Commission, in its reply brief, argues that even if the wrong legal standard was applied by the appeal tribunal, the same result would have been reached under the correct standard, and the decision may stand.

RSA 282-A:65 clearly prohibits the division from reversing the tribunal except in certain circumstances. *See Appeal of Kelly*, 129 N.H. 462, 466, 529 A.2d 935, 937 (1987).

RSA 282-A:65 and RSA 282-A:65, III state in pertinent part:

> "The appellate division shall not substitute its judgment for that of the . . . appeal tribunal as to the weight of the evidence on questions of fact, or as to the prudence or desirability of the determination . . . [and] shall reverse . . . the decision . . . only if the substantial rights of the appellant had been prejudiced because the findings, inferences, conclusions, or the decision is: . . . [a]ffected by reversible error of law[.]"

■■ Similarly, this court's "review is confined to the record, and we cannot substitute our judgment as to the weight of the evidence on questions of fact for that of the appeal tribunal." *Appeal of the City of Franklin*, 125 N.H. 761, 762, 485 A.2d 295, 297 (1984); RSA 282-A:67, III, IV. However, we will reverse the appeal tribunal where its decision is affected by an error of law. *City of Franklin, supra* at 762, 485 A.2d at 297; *Kelly, supra* at 466, 529 A.2d at 937 (The court does not "have the statutory authority to review the rulings or conclusions of the appellate division as such. The findings and conclusions of the appellate division . . . are significant only insofar as they set forth and clarify the issues on appeal."); *Appeal of Sturm, Ruger & Co.*, 124 N.H. 506, 509, 474 A.2d 983, 984 (1984); RSA 282-A:67, IV.

Thus, the crux of the issue is whether the tribunal applied the correct legal standard under RSA 282-A:32, I(b), for if it did so, RSA 282-A:65 categorically prohibits the division from reversing the tribunal on issues of fact.

Both the claimant and the Sweepstakes Commission generally agree on the legal standard required under RSA 282-A:32, I(b). However, the claimant contends that the appeal tribunal's use of "willful disregard of the employer's best interest" is in actuality the *Boynton* test, which has been rejected in this State in *Appeal of United Parcel Service, Inc.*, 125 N.H. 753, 757, 484 A.2d 1217, 1219 (1984) and *Sturm, Ruger supra*; *see Boynton Cab Co. v. Neubeck*, 237 Wis. 249, 259–60, 296 N.W. 636, 640 (1941). Conversely, the Sweepstakes Commission contends that the division, though generally correct in applying the legal standard, erred when it required two additional elements: "(1) that the employee intend to *defy* her employer; and (2) that the employee's action caused specific, particular, identifiable harm to the employer."

■ It is true that New Hampshire has rejected the rule of *Boynton supra*, which requires:

"such wilful or wanton disregard of an employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect . . . or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties . . . ."

*See generally* Annotation, *Work-Connected Inefficiency or Negligence as "Misconduct" Barring Unemployment Compensation*, 26 A.L.R.3d 1356 (1969) (there is little disagreement that work-connected negligence constitutes "misconduct" when it is of such a degree or recurrence to manifest culpability, wrongful intent, evil design or an intentional and substantial disregard of an employer's interest). *See Sturm, Ruger, supra* at 508, 474 A.2d at 984 ("We are not prepared to adopt the *Boynton Cab* definition as controlling in this State, nor is it necessary we do so."); *United Parcel, supra* at 757, 484 A.2d at 1219 (court not prepared to accept the *Boynton* test "requiring 'wilful or wanton disregard'").

■ Instead, New Hampshire has used a less stringent two-pronged modified definition of "misconduct" applicable to RSA 282-A:32, I(b). "Isolated or inadvertent instances of unsatisfactory conduct are not sufficient for a finding of 'misconduct,' but recurring careless or negligent acts are enough to constitute 'misconduct.'" *Sturm, Ruger*, 124 N.H. at 508, 474 A.2d at 984 (quoting *Appeal of Miller*, 122 N.H. 993, 994, 453 A.2d 1269, 1270 (1982)). "As well, the negligence need not be of such a degree or recurrence as to manifest wrongful intent or evil design or to show intentional and substantial disregard." *United Parcel*, 125 N.H. at 757, 484 A.2d at 1219.

■ If, however, there are no recurring acts of carelessness or negligence, New Hampshire law implies that a single instance of misconduct may be sufficient for a finding of misconduct if it is a *"deliberate* violation of a company rule reasonably designed to protect the legitimate business interests of [the] employer." (Emphasis added.) *Appeal of Beebe Rubber Co.*, 124 N.H. 533, 536, 474 A.2d 984, 986 (1984) (quoting *Branch v. Employment Comm.*, 219 Va. 609, 611, 249 S.E.2d 180, 182 (1978)) (Our court found that one incident of misconduct where the employee deliberately took a paycheck early was a violation of company policy.). The *Branch* test, in its entirety, defines misconduct as a deliberate violation of a company rule reasonably designed to protect the legitimate business interests of the employer or when an act or commission is of such a nature or so recurrent as to manifest a willful disregard of those interests.

At first blush, the language in *United Parcel supra* rejecting the *Boynton* "wilful or wanton" test would indicate that "willful" is not required when there is a single instance of misbehavior. However, "deliberate" is a synonym for "willful," which means "deliberate, voluntary or intentional," RANDOM HOUSE DICTIONARY OF THE ENGLISH LANGUAGE (unabridged) 1634 (1966). Willful is further defined as: "voluntary, as distinguished from accidental . . . [,] [i]ntentional or deliberate, yet not necessarily with an evil purpose in mind." BALLENTINE'S LAW DICTIONARY 1369 (3d ed. 1969). In the employment context, willful means "not only the mere exercise of the will . . . , but . . . an intention to do an act [the person] knows, or ought to know, is wrongful. . . ." *Id.*

■    The difference between the *Boynton* test and the New Hampshire test is that New Hampshire does not require the same high level of culpability in recurrent acts of negligence or carelessness as does *Boynton*. Both tests, however, require *"deliberate"* or, if one prefers the word, "willful" action when there is only one instance of misconduct.

■■    Thus the tribunal's application of the "willful disregard of the employer's best interests" legal standard to Crowley's one instance of misconduct was correct. There was sufficient evidence for the tribunal to find that Crowley knew she should have returned the documents and deliberately did not do so. These are findings of fact, *see generally United Parcel*, 125 N.H. at 757, 484 A.2d 1217, 1219; *Beebe*, 124 N.H. at 536, 474 A.2d at 986, which are accorded great weight, *see generally Desmarais v. State Personnel Comm'n*, 117 N.H. 582, 378 A.2d 1361 (1977); *Hutton v. State Personnel Comm'n*, 113 N.H. 34, 300 A.2d 333 (1973). We also note that the standard applied by the division was correct with the exception of the additional two requirements.

■    Since we find that the division went beyond its powers, as defined in RSA 282-A:65, in reversing the tribunal on issues of fact and hold that the tribunal made no error of law, we affirm the decision of the tribunal.

> *Decision of the appeal tribunal affirmed.*

All concurred.