Department of Employment Security
No. 2004-633

APPEAL OF SIMONE RIENDEAU
(New Hampshire Department Of Employment Security)

Argued: May 10, 2005
Opinion Issued: June 24, 2005

*New Hampshire Legal Assistance*, of Claremont (*Jonathan P. Baird* on the brief and orally), for the petitioner.

*Kelly A. Ayotte*, attorney general (*Mary E. Schwarzer*, assistant attorney general, on the brief, and *Stephen G. LaBonte*, attorney, orally), and *Michael R. Randall*, of Concord, by brief, for the New Hampshire Department of Employment Security.

DUGGAN, J. The petitioner, Simone Riendeau, appeals a decision of the appeal tribunal (tribunal), as affirmed by the appellate board, of the New Hampshire Department of Employment Security (DES) finding her ineligible for unemployment benefits because she was discharged for misconduct connected with her work. *See* RSA 282-A:32, I(b) (1999). We affirm.

The record supports the following facts. Beginning in November 2002, Riendeau was employed at a Cumberland Farms store in Nashua as a part-time customer service associate. Her primary responsibility was

assisting customers at the cash register. She was a good employee with no warnings or disciplinary issues.

Cumberland Farms has a company policy that employees must ask any customer who appears to be under the age of thirty for identification when purchasing an age-restricted product such as tobacco or alcohol. Riendeau was given an employee handbook setting forth this policy, which she was required to review and sign during her first week of employment. The handbook also stated that the sale of cigarettes to minors was against State law and "[a] violation of the procedures that results in the sale of tobacco products under age eighteen (18) will result in immediate dismissal." Riendeau was required to watch a twenty-minute training video on preventing underage sales of tobacco products and attended and passed a course on preventing underage sales of tobacco products. In addition, the cash registers are programmed to put up a "red flag" when an employee scans a pack of cigarettes or any other age-restricted product. The program requires the employee to affirm that the person appears to be thirty or older before completing the sale without verifying the customer's age. The employee must push the "clear" button twice to override the program and complete the sale.

On October 21, 2003, in the early evening hours, Riendeau was alone at the cash register while another employee was on break. The store was particularly busy. There was a line of customers in front of her and a young girl off to the side who wanted to buy cigarettes. She looked at the young girl but "didn't really have time to really think [whether] she [was] under 30 or not." Riendeau rang up the sale on the cash register. In doing so, she did not ask the customer for identification and pushed the clear button twice, affirming that the customer appeared to be age thirty or older.

Ten minutes after the sale, a Nashua police officer involved in a sting operation entered the store and gave Riendeau a summons for selling tobacco products to a person under the age of eighteen. *See* RSA 126-K:4 (2005). The next day, Riendeau was dismissed from her job.

Riendeau applied for and was awarded unemployment benefits. The employer appealed for *de novo* review by the tribunal. After an evidentiary hearing, the tribunal reversed based upon its finding that Riendeau was discharged for misconduct connected with her work. *See* RSA 282-A:32, I(b). Thereafter, Riendeau unsuccessfully requested that the commissioner of DES reopen the case. Riendeau then appealed to the appellate board. The appellate board reviewed the record, heard argument from the parties and affirmed the decision of the tribunal. After a motion for reconsideration was denied, Riendeau appealed to this court.

In reviewing a decision of the tribunal we are confined to the record and will not substitute our judgment for its judgment as to the weight of the evidence on questions of fact. RSA 282-A:67, IV, V (1999); *see Appeal of Lakeview NeuroRehabilitation Ctr.*, 150 N.H. 205, 208 (2003). We will uphold the decision of the tribunal unless its findings or conclusions are unauthorized, affected by an error of law, or clearly erroneous in view of all the evidence presented. *See* RSA 282-A:67, V; *Appeal of Lakeview NeuroRehabilitation Ctr.*, 150 N.H. at 208.

New Hampshire's unemployment compensation system is predicated upon benefits being paid to those who become unemployed through no fault of their own. *Appeal of Lakeview NeuroRehabilitation Ctr.*, 150 N.H. at 208. No benefits are to be paid, however, to an employee who is terminated as a result of "misconduct connected with his work." RSA 282-A:32, I(b).

 We have rejected a definition of misconduct that requires proof of a willful and wanton disregard of an employer's interests. "Instead, New Hampshire has used a less stringent two-pronged modified definition of 'misconduct' applicable to RSA 282-A:32, I(b)." *Appeal of N.H. Sweepstakes Commission*, 130 N.H. 659, 664 (1988). Under the first prong, isolated or inadvertent instances of unsatisfactory conduct are not sufficient for a finding of misconduct, but recurring careless or negligent acts are enough to constitute misconduct. *Id.* The negligence need not be of such a degree or recurrence as to manifest wrongful intent or evil design or to show intentional and substantial disregard. *Id.* However, under the second prong, a single act may be sufficient to support a finding of misconduct if it is a deliberate violation of a company rule that is reasonably designed to protect the legitimate business interests of the employer. *Id.*

Riendeau argues that the tribunal erred in finding that she was discharged for misconduct under the second prong. She contends that "the fact that an underage sale of a tobacco product happened is the crux" of the appeal tribunal's finding of misconduct. She further contends that her sale of cigarettes to a minor was an isolated mistake of poor judgment that was not deliberate, and thus did not constitute misconduct.

The completion of the sale of cigarettes to a minor, however, was not the basis for the tribunal's finding of misconduct. The tribunal found that Riendeau failed to follow the company policy that required her to verify the age of all customers who appeared to be under thirty. The tribunal further found that "the [threefold] act of not looking at the customer before the purchase, then overriding the computer on its question of the sale to someone under age thirty, then handling the customer's payment"

was deliberate. Accordingly, it was the deliberate violation of the policy that required Riendeau to verify the age of the customer, and not the completion of the sale of cigarettes to a minor, that was the basis of the tribunal's finding of misconduct.

■ Moreover, the record in this case amply supports the tribunal's decision. Cumberland Farms has a policy of requiring identification from customers who appear under the age of thirty when purchasing tobacco. Riendeau received training on the policy and the cash register was programmed to remind employees of the policy. Indeed, as the appellate board recognized, "The decision of [Riendeau] to override the computer cash register was certainly more than 'accidental.'" Finally, the tribunal considered that the policy was designed to prevent underage sales of tobacco and that, when such sales occur, the employer is harmed because a violation is committed by the employee, and the employer commits a civil infraction which leads to a monetary fine, damage to its reputation and the risk of losing its license. The record thus supports the tribunal's conclusion that Riendeau deliberately violated a company rule reasonably designed to protect the legitimate business interests of the employer. *See Appeal of N.H. Sweepstakes Commission*, 130 N.H. at 664.

*Affirmed.*

BRODERICK, C.J., and NADEAU, DALIANIS and GALWAY, JJ., concurred.