Department of Employment Security
No. 2010-531

APPEAL OF ELLEN ST. LOUIS
(New Hampshire Department of Employment Security)

Argued: May 12, 2011
Opinion Issued: December 8, 2011

*Nixon, Raiche, Vogelman, Barry, Slawsky & Simoneau, P.A.*, of Manchester (*Leslie C. Nixon* and *Kirk C. Simoneau* on the brief, and *Mr. Simoneau* orally), for the petitioner.

*Michael A. Delaney*, attorney general (*Karen A. Schlitzer*, assistant attorney general, on the brief and orally), for the New Hampshire Department of Employment Security.

HICKS, J. The petitioner, Ellen St. Louis, appeals the decision of the New Hampshire Department of Employment Security (DES) Appellate Board (board) denying her claim for unemployment benefits. We affirm.

The record supports the following facts. The petitioner began working for Insight Technology in 2004. Throughout her employment she held various assembly positions, which, at times, required soldering work. She regularly received good performance reviews.

Insight Technology has a policy to take disciplinary action for poor performance and violations of company rules, safety measures, or accepted standards of conduct. The petitioner was given a copy of this policy when she began working.

On March 10, 2009, the petitioner received a disciplinary notice stating that her conduct was not in line with company policy because she appeared to be asleep at work and was argumentative when her trainer instructed her regarding her faulty soldering work. Subsequently, the petitioner informed a human resources representative that she was having difficulties breathing and that she was depressed. The human resources representative recommended she take medical leave.

The petitioner took medical leave beginning on March 13, 2009. She was diagnosed with emphysema, chronic obstructive asthma, hypertension, chronic obstructive pulmonary disease, sleep apnea, and depression. On May 26, 2009, the petitioner's doctor released her to return to work with no restrictions.

The petitioner claims that when she returned to work she could no longer perform soldering work because the fumes caused headaches, and caused her to shake, cough, and have difficulty breathing. She also claims that she informed her supervisor that she could not solder. The record indicates, however, that she never provided Insight Technology with any medical records or doctor's instructions regarding her breathing problems or opinions regarding her inability to do soldering work.

On June 10, 2009, the petitioner received another disciplinary notice that her conduct was not in line with company policy because she was soldering poorly. The notice further stated that she was properly trained and had performed "flawlessly" in the past; however, her failure to follow instructions was producing poor quality work.

She was terminated on June 24, 2009. The termination notice stated that her conduct was not in line with company policy because she continued to deviate from proper work procedures and produce poorly soldered work. It also stated that she was not retaining the necessary information when she was being retrained on soldering. The notice concluded that she was "not able to be relied upon to produce quality product or perform according to required Work Instructions."

The petitioner applied for, but was denied, unemployment benefits because the certifying officer found that she was terminated for misconduct in connection with her work. She appealed to the DES Appeal Tribunal

(tribunal), which held a hearing at which both the petitioner and a human resources representative from Insight Technology testified. The tribunal concluded that she was terminated for misconduct, finding that she chose not to follow proper procedure, which she knew, had been trained on, and had performed in the past. The petitioner requested to have her case reopened. She asserted, among other things, that she was terminated because she was unable to do the work, which, she argued, is not misconduct under the law.

The petitioner was granted a limited reopening so that the tribunal could determine whether her poor performance was the result of negligence or an inability to do the work. Following rehearing, the tribunal found:

> Neither the claimant nor her doctor referenced her medical condition as impacting her ability to follow work instructions.
>
> The Chairman considered the claimant was aware she needed to follow proper procedure. The claimant was aware of the procedure, and had performed such work flawlessly in the past. The Chairman therefore finds the claimant's discharge was not for an inability to perform the work.

Rather, the tribunal found that the petitioner "had repeated instances of negligence when she did not follow procedure."

The petitioner then appealed to the board arguing, in part, that the tribunal made an error of law because the reason given for her termination, namely, poor performance, does not meet the standard for misconduct. The board sustained the tribunal's decision, concluding that the record showed that the petitioner was medically released to return to work without restrictions, which "the employer was entitled to rely on" when judging the petitioner's performance. The petitioner filed a motion for reconsideration, which was denied. This appeal followed.

On appeal, the petitioner argues that *Appeal of Lakeview NeuroRehabilitation Center*, 150 N.H. 205 (2003), supports her contention that employees, such as herself, terminated for conduct outside of their control are entitled to benefits. The petitioner also argues that the board improperly placed a burden upon her to inform her employer of her medical condition and seek accommodations. In her reply brief, she also asserts that the tribunal's factual finding that she was not terminated because she was unable to do the work is not supported by the evidence.

Judicial review of DES decisions is governed by RSA 282-A:67 (2010):

> The court shall not substitute its judgments for that of the appeal tribunal as to the weight of evidence on questions of fact.

The court shall reverse or modify the decision of the appeal tribunal, or remand the case for further proceedings, as determined by the court, only if the substantial rights of the appellant had been prejudiced because the administrative findings, inferences, or conclusions are:

(a) In violation of constitutional or statutory provisions;

(b) In excess of statutory authority;

(c) Made upon unlawful procedures;

(d) Clearly erroneous in view of the substantial evidence on the whole record; or

(e) Affected by other error of law.

RSA 282-A:67, V.

The petitioner first asks us to review only the decision of the board, and not the decision of the tribunal, stating in her reply brief that "[i]t is *this* decision from which [she] appeals, and asks this Court to reverse." The petitioner argues that the board erred when it stated that

the New Hampshire Supreme Court has not yet provided any specific guidance on whether or not the mere inability to perform the work constitutes "careless or negligent acts" constituting "misconduct" for purposes of ineligibility.

If the Claimant had properly notified the Employer that she had an underlying medical condition that impacted her performance, and had requested an appropriate accommodation, then the legal standard and her eligibility for benefits would be clear.

■ We do not, however, have the statutory authority to review such rulings or conclusions of the board. *See Appeal of Kelly*, 129 N.H. 462, 466 (1987) (discussing our ability to review conclusions of the appellate division (predecessor of the appellate board)). The findings and conclusions of the board are significant only insofar as they set forth and clarify the issues on appeal and the relative positions of the parties thereto. *Id.* When the board sustains the tribunal and does not clarify or limit the tribunal's record or determination, we will confine our review to the findings and rulings of the tribunal. *See Appeal of First Student*, 153 N.H. 682, 684 (2006). Because the board here sustained the tribunal's decision without clarifying or limiting its findings, we must restrict our review to the tribunal's decision. *Id.*

We next address whether the tribunal erred in finding that the petitioner was not terminated because she was unable to perform the required work.

The petitioner urges us to reject the tribunal's factual finding that her "discharge was not for an inability to perform the work" because she knew proper procedure, performed properly in the past, and never claimed to her employer that her medical condition made her unable to follow procedure. She argues that this finding is contrary to the reasons given by Insight Technology and to her uncontradicted testimony.

We give great weight to the tribunal's factual findings. *See Appeal of N. H. Sweepstakes Commission*, 130 N.H. 659, 665 (1988). The tribunal's findings of fact will not be disturbed if they are supported by competent evidence in the record, upon which the tribunal's decision reasonably could have been made. *Appeal of Lakeview*, 150 N.H. at 210.

There is competent evidence in the record to support the tribunal's factual finding. The petitioner's March 2009 performance review noted that her "[j]ob performance [was] at the fully-competent level expected of an experience[d], qualified employee." The petitioner's June 10, 2009 disciplinary notice stated that she was properly trained on the work instructions and had performed correctly in the past. In addition, the petitioner stated in the tribunal hearing that she never informed the company that her medical condition made her unable to solder.

We note that there is some evidence in the record contrary to the tribunal's factual finding. The petitioner's termination notice states that the petitioner appeared "unable" to retain information, perform according to work instruction, or produce quality work. In addition, the petitioner testified that the company knew she had breathing problems that made her unable to solder. Nevertheless, we do not substitute our judgment for that of the tribunal regarding the weight evidence should be afforded. *See Appeal of Motuzas*, 158 N.H. 655, 658-59 (2009). Because the tribunal reasonably could have found, based upon a preponderance of competent evidence, that the petitioner was not terminated for an inability to do the work, we will not disturb its factual finding. *See Appeal of Lakeview*, 150 N.H. at 210.

We finally address whether the tribunal erred by deciding that the petitioner was terminated for misconduct. Our unemployment compensation system is in place to aid "those who become unemployed through no fault of their own." *Id.* at 208. As a result, an employee terminated for work misconduct is ineligible to receive benefits. *Appeal of Motuzas*, 158 N.H. at 659. We use a two-prong test to determine whether an employee's acts constituted misconduct. *See Appeal of Lakeview*, 150 N.H. at 208.

Under the first prong:

> Isolated or inadvertent instances of unsatisfactory conduct are not sufficient for a finding of "misconduct," but recurring careless

or negligent acts are enough to constitute "misconduct." As well, the negligence need not be of such a degree or recurrence as to manifest wrongful intent or evil design or to show intentional and substantial disregard.

Under the second prong, if there are no recurring acts of carelessness or negligence, a single instance of misconduct may be sufficient for a finding of misconduct if it is a deliberate violation of a company rule reasonably designed to protect the legitimate business interests of the employer.

*Id.* at 208-09 (quotations omitted).

■ Here, the tribunal decided that the petitioner met the first prong because she was repeatedly negligent by not following procedure. The record supports this decision. The petitioner's March 10, 2009 disciplinary notice stated that she was not observing company policy because she appeared asleep at work, she was argumentative with her trainer, and she allowed units to be improperly soldered. Three months later, she received another disciplinary notice warning that she was not following instructions and was producing poor quality work in disregard of company policy. Finally, her June 22, 2009 termination notice stated that she still was not following company policy because she continued to deviate from instructions and produce poor quality work.

Because the record supports the determination that the petitioner was terminated for misconduct, we find no error in the tribunal's decision. *See In re Riendeau*, 152 N.H. 396, 399 (2005).

*Affirmed.*

DALIANIS, C.J., and DUGGAN, CONBOY and LYNN, JJ., concurred.